[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13577
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00013-CR-T-23TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WARREN DAVID MILLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 2, 2005)

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Warren David Miller appeals his conviction for theft of government property --

specifically, a government-owned colonoscope -- from the Orlando Veterans

Administration hospital, in violation of 18 U.S.C. § 641.  On appeal, he argues that the district court erred by (1) denying his motions for judgment of acquittal, based on the sufficiency of the evidence, and (2) denying his motion for a new trial based on newly discovered evidence.  We review challenges to the sufficiency of the evidence de novo, resolving all reasonable inferences from the evidence in favor of the jury's verdict.  See United States v. Rudisill, 187 F.3d 1260, 1267 (11th Cir. 1999).  The evidence is sufficient where a reasonable trier of fact, choosing among reasonable interpretations of the evidence, could find guilt beyond a reasonable doubt.  United States v. Lluesma, 45 F.3d 408, 409-10 (11th Cir. 1995).  "We review the denial of a motion for a new trial based on newly discovered evidence for abuse of discretion." United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003).

After thorough review of the record, as well as careful consideration of the parties' briefs, we find no reversible error and affirm.

First, Miller argues that there was no evidence in this case upon which a reasonable jury could conclude, beyond a reasonable doubt, that he stole and sold the colonoscope to Philip Lonbeck, who testified against him at trial.  Miller contends that Lonbeck's inconsistent statements over the course of the investigation and during the trial did not create a reasonable basis from which to impute guilt.  He asserts that Lonbeck's testimony was incredible as a matter of law.

2

"It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. A jury is free to choose among the constructions of the evidence." United States v. Calderon, 127 F.3d 1314, 1324 (11th Cir. 1997). Indeed, "[c]redibility determinations are the exclusive province of the jury." Id. at 1325 (quotation omitted).

> For testimony of a government witness to be incredible as a matter of law, it must be unbelievable on its face. It must be testimony as to facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature. Further, the fact that [the witness] has consistently lied in the past, engaged in various criminal activities, [and] thought that his testimony would benefit him does not make his testimony incredible.

Id. (citations and quotations omitted).

Section 641 of Title 18 provides: "Whoever . . . steals . . . or without authority, sells, conveys or disposes of any . . . thing of value of the United States or of any department or agency thereof . . . Shall be fined under this title or imprisoned not more than ten years, or both." 18 U.S.C. § 641. The elements of theft of government property are: (1) the property belongs to the United States; (2) the defendant stole the property; (3) the defendant did so knowingly and wilfully with intent to deprive the

3

owner of the use or benefit of the property; and (4) the property had a value in excess of $1,000. See 11th Cir. Pattern Jury Instr. (Crim.), Offense Instr. 21 (2003).

In the present case, the district court did not err by denying Miller's motions for judgment of acquittal. The government presented testimony establishing that the colonoscope was United States property and was valued in excess of $1,000, and that Miller had access to the colonoscope and the opportunity to steal it. Hospital employees who testified for the government stated that the colonoscope was never delivered to them, but instead remained in Miller's department. Lonbeck stated that Miller sold the colonoscope to him, and was able to produce evidence of payment.

In short, the government presented sufficient evidence from which "a reasonable fact finder could have concluded that the evidence established the defendant's guilt beyond a reasonable doubt." United States v. Fallen, 256 F.3d 1082, 1087 (11th Cir. 2001). Miller's arguments with respect to the inconsistency and incredibility of witnesses are without merit. Credibility determinations are the sole province of the jury, and we, in reviewing sufficiency of the evidence, must construe all credibility inferences in favor of the government. Calderon, 127 F.3d at 1325. Miller offered no evidence that Lonbeck's testimony was "unbelievable on its face" or contained facts or events that could not have possibly occurred. Id. Thus, the

district court did not err by denying Miller's motions for acquittal based on the sufficiency of the evidence.

We likewise are unpersuaded by Miller's argument that newly discovered evidence of a hospital employee's theft of prescription forms, after this employee testified for the government at Miller's trial, satisfied the test for granting a new trial. Miller argues that the new evidence is material and not merely cumulative or impeaching because it relates to the crime of stealing from the hospital and impugns the witness's testimony regarding the whereabouts of the missing scope. He asserts that the new evidence would produce an acquittal because in light of it, a reasonable jury would not have convicted him on the circumstantial evidence. We disagree.

> To succeed on a motion for new trial based on newly discovered evidence, the movant must establish that (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result. Indeed, we have held that motions for a new trial are highly disfavored, and that district courts should use "great caution" in granting a new trial motion based on newly discovered evidence.

Jernigan, 341 F.3d at 1287 (citations and quotations omitted).

The government concedes that the first two prongs of the Jernigan test are satisfied. However, Miller failed to show that the remaining three prongs are met.

5

The fact that the employee-witness stole prescription forms may impeach her testimony regarding the whereabouts of the missing colonoscope, but her other testimony is unaffected by the new evidence and confirms the witness's testimony. The newly discovered evidence is merely cumulative or impeaching and is not material. Additionally, Lonbeck's testimony that Miller sold him the scope, sent it to him, and accepted a check as payment is also unaffected. It is unlikely that a new trial encompassing the new evidence would produce a different result. Id. On this record, the district court did not abuse its discretion by denying Miller's motion for a new trial based on newly discovered evidence.

For the above reasons, we affirm the district court.

**AFFIRMED.**